**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RODNEY A. HURDSMAN, Reg. #26372-177, *et al.*　　　　　　　　　　PLAINTIFFS

v.　　　　　　　　　　Case No. 4:09CV00892 JLH-JJV

JAMES SALKELD, Director, Arkansas Department
of Labor and Workforce Education, *et al.*　　　　　　　　　　DEFENDANTS

## ORDER

　　Plaintiffs, who are currently or were previously incarcerated in the Bureau of Prisons at the Forrest City Medium unit of the Federal Correctional Institute, filed this action pursuant to 42 U.S.C. §§ 1983 and and 28 U.S.C. §§ 2201-02, 2283 and 2284. Although each plaintiff signed the complaint (Doc. No. 2), only four applied for and have been granted leave to proceed *in forma pauperis* status: Rodney Hurdsman, Michael Hancock, Kyle Smith, and Willie Fleetwood. The Court ordered (Doc. Nos. 8, 17) the other plaintiffs to submit *in forma pauperis* applications individually if they wished to pursue this litigation. In each of these orders, plaintiffs were cautioned of their responsibilities under Local Rule 5.5(c)(2).[1]

　　None of the other plaintiffs have responded to the Court's orders or submitted *in forma pauperis* applications. Under these circumstances, the Court concludes that plaintiffs Bowman, Silinzy, Kelly, Jennings, Hancock, Agwu, and Chris Smith have failed to comply with Local Rule 5.5(c)(2) and their claims will be dismissed. *See also* Fed. R. Civ. P. 41(b) (district court may

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE ORDERED that the claims of Plaintiffs Bowman, Silinzy, Kelly, Jennings, Hancock, Agwu, and Chris Smith are dismissed without prejudice, and they shall be terminated from the docket entries as party plaintiffs.

DATED this 19th day of March, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE