IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RODNEY A. HURDSMAN ET AL.**                                                                    **PLAINTIFFS**
Reg. # 26372-177,
v.                                                          4:09-cv-892

**JAMES SALKELD, Director, Arkansas**                                                  **DEFENDANTS**
**Department of Labor and Workforce**
**Education, ET AL.**

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Come now Defendants James Salkeld, Ronald Baker, Ronald Clark, Jonathan Bibb, Charles Covington, Gary Ferrel, Danny King, Dan McAlister, and Harry Chaple by and through their attorneys Dustin McDaniel, Attorney General and Emon Mahony, Assistant Attorney General, and for their motion to dismiss state as follows:

**I.**      **Introduction**

Plaintiffs are inmates in the Federal Corrections Institute in Forrest City, Arkansas who are also enrollees or recent graduates of a prison-based electrical apprenticeship program. Upon program completion, Plaintiff Rodney Hurdsman applied to take the examination for a journeyman electrician's license. The Arkansas Board of Electrical Examiners (ABEE), the state entity charged with administering licensing of electricians, denied Hurdsman's application. Plaintiffs claim that the denial of Hurdsman's license was due to an illegal rule promulgated by the State Electrical Apprentice Committee (SEAC) that only allows them one year of credit for their four year program.

Plaintiffs contend that the SEAC Rule and the denial of Hurdsman's application violate the Due Process and Equal Protection clauses and they seek to challenge the state administrative rulings using the federal Administrative Procedures Act (APA). Plaintiffs contend that these

deprivations of their rights are the result of various government officials conspiring against them. Plaintiffs' claims fail because the federal APA does not apply to state agency action, they do not have a protectable liberty or property interest capable of triggering due process, there is a rational basis for the purported SEAC Rule, and the have failed to plead a cause of action based on conspiracy.

## II. Standard of Review

When ruling on a motion to dismiss, a district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles*, 244 F.3d 623, 625 (8th Cir. 2001). To survive a motion to dismiss, a complaint must meet two requirements: factual sufficiency and legal plausibility. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is factually sufficient when it gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). A claim has legal plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949*; Twombly*, 550 U.S. at 570. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558.

**III.     Facts in Complaint**

Plaintiffs are inmates in the Federal Corrections Institute in Forrest City, Arkansas who are also enrollees or recent graduates of a prison-based electrical apprenticeship program. Plaintiffs Edward Jennings, Anyanso Agwu, Chris Smith, Antonio Kelly, Kyle Smith, Roderick Silinzy, Golden Bowman, and Michael Hancock claim to be current electrical apprentices in the Federal Correctional Institute program. Plaintiffs Rodney Hurdsman and Willie Fleetwood claim to have graduated from the program and received certificates of completion. As program graduates, Hurdsman and Fleetwood contend that the "Certification" they received and other collateral credentials entitle them to take the examination for a journeyman electrician's license. Plaintiffs do not base their claims of entitlement to take the test on fulfillment of the regulatory requirements or claim to have submitted all the necessary paperwork to the take the test.

Beginning in March 2009, Hurdsman and Fleetwood began inquiring into the necessary steps to take the examination for a journeyman's license. As part of their inquiry, Hurdsman and Fleetwood claim to have received an email that originated with Defendant Ronald Clark. According to Plaintiffs, this email contained a rule illegally promulgated by the State Electrical Apprenticeship Committee (hereinafter the SEAC rule) that stated that an apprentice who completes an apprenticeship while incarcerated can receive 1 year, or 2000 hours, of credited experience. This is noteworthy because the general experience requirement for a journeyman's license is 4 years of credited experience, or 8000 hours, for those qualifying through an apprenticeship program. Plaintiffs make the inferential leap that the adoption of this rule was pursuant to a conspiracy against the Plaintiffs.

The Complaint next recites allegations relating to Plaintiff Hurdsman's application to take the qualifying examination for a journeyman's license. Hurdsman filed an application to

take the journeyman's test, on an unspecified date. Hurdsman specified some documents he submitted as part of his application, but a "Release for Test/Completion" form, which is listed in the regulations as a requirement for a complete application, is conspicuously absent. The screening committee of the ABEE denied Hurdsman's application to take the test based on his failure to fulfill the regulatory requirements. A copy of the applicable regulation was printed on the letter from the screening committee, including the requirement that the applicant produce the "Release for Test/Completion" form. Plaintiffs first acknowledges the need for the "Release for Test/Completion" form in paragraph 36. On June 10 and July 7, 2009, Hurdsman claims that Rex Jones made inquires about obtaining and completing the form on Hurdsman's behalf. In addition, Hurdmans claims other inquiries were made concerning the purported SEAC rule, but there is no indication that Hurdsman ever submitted the "Release for Test/Completion" form. In the discussion of the appeal hearing, there is no mention of Hurdsman ever submitting the required "Release for Test/Completion" form. The full Board of Electrical Examiners ultimately denied Hurdsman's appeal.

For the convenience of the court, a timeline of dates described in the complaint follows:

| Date | Event |
|---|---|
| March 10, 2009 | Hurdsman and Fleetwood inquire about Arkansas journeyman's licensure |
| March ??, 2009 | Plaintiffs receive an email containing the purported SEAC rule |
| May 20, 2009 | Hurdsman receives a letter indicating the ABEE screening committee has rejected his application |
| June 10, 2009 | Hurdsman appeals the screening committee's decision |
| June 10, 2009 | Rex Jones inquires about the "Release for Test/Completion" form |
| July 7, 2009 | Rex Jones again inquires about the "Release for Test/Completion" form |
| July ??, 2009 | Other inquiries about the purported SEAC rule |
| July 21, 2009 | ABEE board meeting where Hurdsman's appeal is denied |

The rest of the complaint is either conclusory or legal allegations that do not receive the presumption of truth for purposes of a motion to dismiss, or are irrelevant for Plaintiffs' legal

4

claims. In general terms, Plaintiffs allege a conspiracy because they believe that the requirement of additional apprenticeship hours is fatal to their ever becoming licensed electricians, and the purported SEAC rule is a product of a conspiracy against them. They base their conspiracy on the fact that various defendants hold electricians licenses, and some have affiliations with a Union, the IBEW. From these facts, Plaintiffs infer prejudicial motivations and a desire to reduce competition. Crucially, Plaintiffs do not describe any events indicative of a meeting of the minds or describe a basis for Plaintiffs' conspiracy claims based on anything more solid than allegations of mutual interest.

## IV.  Argument

The allegations in the Complaint are based on three legal theories. Plaintiffs claim that the Defendants actions were arbitrary and capricious and there were violations of the federal APA, Defendants violated their procedural due process rights, and Defendants violated their right to equal protection of the law. They contend that the harms they suffered were a result of a conspiracy or conspiracies in which Defendants were members.

### a.  The Federal Administrative Procedure Act Does Not Apply to State Agency Action

Plaintiffs seek review of state government action in federal court using the judicial review provisions of the federal APA. The federal APA is not applicable to state agency action because the federal APA applies only to "agencies," which the statute defines as "authorit[ies] of the Government of the United States." 5 U.S.C. § 551(1). The judicial review provisions only apply to "authorit[ies] of the Government of the United States." 5 U.S.C. § 701(b)(1) A non-federal entity is not subject to the federal APA. *See, e.g. Gibson & Perin Co. v. City Of Cincinnat*i, 480 F.2d 936 (6th Cir. 1973) (stating that a city is not a federal agency under the APA). Receipt of federal funds does not make a local agency into a federal agency for federal

APA purposes. *See Project B.A.S.I.C. v. Kemp*, 776 F.Supp. 637, 644 (D.R.I. 1991), *rev'd on other grounds,* 947 F.2d 11 (1st Cir. 1991) (stating that local housing authority that received H.U.D. funding not an "agency" for federal APA purposes).

In this case, all the actions that Plaintiffs seek to review occurred in state, not federal agencies, and thus do not fall within the federal APA definition of "agency." The Arkansas Board of Electrical Examiners was created by Ark. Code Ann. § 17-28-201. The Department of Labor was created by Ark. Code Ann. § 11-2-106. The Department of Career Education was created by Ark. Code Ann. § 25-30-106. The State Electrical Apprenticeship Committee was created pursuant to a regulation promulgated by the Board of Career Education. Accordingly, Plaintiffs have failed to state a claims for federal judicial review of state agency action, and their claim should be dismissed.

    **b. Plaintiffs Fail to State a Procedural Due Process Claim on Which Relief Can Be Granted Because They Have Not Been Deprived of Liberty or Property**

Analysis of Plaintiffs' Procedural Due Process claims begins with the threshold question of whether they have liberty or property interests at stake. "Procedural due process claims require a two-step analysis. Initially, a plaintiff must demonstrate that the state deprived him of some 'life, liberty, or property' interest. If successful, the plaintiff must then establish that the state deprived him of that interest without sufficient 'process.'" *Krentz v. Robertson*, 228 F.3d 897, 903 (8th Cir. 2000). In paragraph 31 of their complaint, Plaintiffs specify what interests they contend are at stake. They claim to have a liberty interests in taking the examination for the journeyman's license and property interests in obtaining a state electrician license.

In order to have a liberty or property interest capable of triggering due process, the interest in question must be more than an object of Plaintiffs' desire. The Plaintiff must actually have the property or liberty interest before they can invoke their due process rights. To have a

6

protectable interest, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979) (quoting *Bd. Of Regents v. Roth*, 408 U.S. 564, 577 (1972). "Such entitlements are, 'of course, . . . not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Paul v. Davis*, 424 U. S. 693, 709 (1976)). "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Castle Rock*, 545 U.S. at 756.

Since all of Plaintiffs claimed interests are based on state law, an analysis of state law is necessary for the determination of a protectable interest. *See Castle Rock*, 545 U.S. at 757 (examining state law to determine whether a property interest exists). The relevant statutory duty of the Arkansas Board of Electrical Examiners is to "At least every six (6) months, conduct examinations of persons who apply for an electrician's license and grant licenses to qualifying applicants who have paid the prescribed fee." Ark. Code Ann. § 17-28-202(a)(2). According to the Administrative Regulations of the Board of Electrical Examiners, applicants who have completed a four-year electrical construction program must have a "Released for Test/Completion" form approved by the Arkansas Department of Workforce Education before they are eligible to take the examination for a journeyman's license. ABEE Regulations § 010.13-012(C)(1)(a). Plaintiffs do not allege that Hurdsman's file contained that form, or that any of the other Plaintiffs have, or will have that form. In addition, the applicant must complete a "4-year electrical *construction* apprenticeship program." *Id.* at § 010.13-012(C)(1) (emphasis added). One of the jobs of the ABEE is to determine what is construction, and what is not for

purposes of licensure. Only when those requirements are met may the applicant take the examination. *Id.* at § 010.13-013(C). The regulations indicate that Plaintiffs do not have any entitlement to taking the journeyman's examination or ownership of a journeyman's license. Plaintiffs lack the necessary liberty or property interests to state a claim based on due process.

### c. Plaintiffs Fail to State an Equal Protection Claim Because There is a Rational Basis for Their Challenged Rule

Plaintiffs' equal protection claims are based on the purported SEAC rule, which they contend discriminates against them as a class. When an equal protection allegation involves neither a suspect classification, nor a fundamental right, the burden is on the Plaintiff to prove two things: they were "treated differently by the government than similarly situated persons and the different treatment was not rationally related to a legitimate government objective." *Koscielski v. City Of Minneapolis*, 435 F.3d 898, 901 (8th Cir. 2006). Prisoners are not a protected class. *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999). A journeyman's electrician's license is not a fundamental right.

A rational basis determination may properly be made in a 12(b)(6) motion, without further factual development, and the Court may formulate a conceivable basis for the government action at this stage. *Gilmore v. County Of Douglas, State Of Neb.*, 406 F.3d 935, 940-41 (8th Cir. 2005). The Equal Protection Clause does not demand for the purpose of rational-basis review that a legislature or governing decision maker actually articulate at any time the purpose or rationale supporting its classification. *Hawkeye Commodity Promotions, Inc. v. Vilsack*, 486 F.3d 430, 443 (8th Cir. 2007). A "legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Id.* A "classification 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'"

*Heller v. Doe*, 509 U.S. 312, 320 (1993). The basis need only be rational, because "[t]he problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific." *Id.* at 321.

In this case, assuming that the SEAC Rule exists and applies to Plaintiffs, the Complaint itself contains a rational basis. In paragraph 25, Plaintiffs describe a reason for allowing them limited experience credit. The nature of incarceration means that prisoners cannot go to all job sites; in other words, their apprenticeship experience is necessarily limited. For that reason, their credited experience is also limited. In accordance with that rational basis, partial experience can receive partial credit.

### d. Plaintiffs Fail to State a Civil Rights Conspiracy Claim on Which Relief Can be Granted

To a state a claim on which relief can be granted under the first part of 42 U.S.C. § 1985(3) requires "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). "[T]he term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors" *Bray*, 506 U.S. at 269.

To satisfy the conspiracy element, conclusory allegations will not suffice. *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992). Plaintiff must plead specific facts that show a "meeting of the minds" among the alleged conspirators. *Id.*; *see also City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir.1989) (holding "the plaintiff must allege with particularity ... that the defendants reached an agreement").

9

In this case, the "class" the Plaintiff's claim has been discriminated against is prisoners in the electrical apprenticeship programs. This is a group of individuals "who share a desire to engage in conduct" that the Defendants disfavor; i.e. take the journeyman's examination. That is not a protected class. In addition, Plaintiffs' allegations of conspiracy are based on allegations of mutual interest, not on a meeting of the minds. Plaintiffs therefore fail to state a claim of conspiracy on which relief can be granted.

## V.     Conclusion

The federal APA may not be used for judicial review of state agency action. Plaintiffs do no have liberty or property interests at stake capable of triggering due process. In addition, Plaintiffs are not members of a protected class and there is a rational basis for the rule they are challenging.

WHEREFORE, Defendants James Salkeld, Ronald Baker, Ronald Clark, Jonathan Bibb, Charles Covington, Gary Ferrel, Danny King, and Dan McAlister, and Harry Chaple respectfully request that the Court dismiss Plaintiff's Complaint against them.

> Respectfully submitted,
>
> DUSTIN McDANIEL,
> Attorney General
>
> By:     /s/ Emon O. Mahony
>     Arkansas Bar No. 2008211
>     Assistant Attorney General
>     323 Center Street, Suite 200
>     Little Rock, AR  72201-2610
>     Telephone: (501) 683-3296
>     Facsimile:  (501) 682-2591
>     emon.mahony@arkansasag.gov

**CERTIFICATE OF SERVICE**

I, Emon O. Mahony, Assistant Attorney General, hereby certify that on this 1st day of April, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

I, Emon O. Mahony, Assistant Attorney General, hereby certify that on the 1st day of April, 2010, I mailed the document by United States Postal Service to the following non CM/ECF participants:

| | |
|---|---|
| **Rodney A Hurdsman**<br>Reg #26372-177<br>FORREST CITY MEDIUM<br>FEDERALCORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>Post Office Box 3000<br>Forrest City, AR 72336-3000 | **Willie Fleetwood**<br>10714 Nuthatch Drive<br>North Little Rock, AR 72120 |
| **Golden Bowman**<br>Reg #10667-033<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>Post Office Box 3000<br>Forrest City, AR 72336-3000 | **Roderick Silinzy**<br>Reg #33840-044<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>Post Office Box 3000<br>Forrest City, AR 72336-3000 |
| **Antonio Kelly**<br>Reg #23691-009<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>Post Office Box 3000<br>Forrest City, AR 72336-3000 | **Edward Jennings**<br>Reg #33090-044<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>Post Office Box 3000<br>Forrest City, AR 72336-3000 |
| **Michael Hancock**<br>Reg #20471-045<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>Post Office Box 3000<br>Forrest City, AR 72336-3000 | **Anyanso Agwu**<br>Reg #19481-045<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>Post Office Box 3000<br>Forrest City, AR 72336-3000 |
| **Kyle Smith**<br>Reg #56841-097<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels | **Chris Smith**<br>Reg #08647-028<br>FORREST CITY MEDIUM<br>FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels |

| Post Office Box 3000 | Post Office Box 3000 |
| Forrest City, AR 72336-3000 | Forrest City, AR 72336-3000 |

/s/ Emon O. Mahony