IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RODNEY A. HURDSMAN and WILLIE
FLEETWOOD, on behalf of
themselves and others similarly situated                    PLAINTIFFS


v.                          Case No. 4:09-cv-892-DPM-JJV


JAMES L. SALKELD, Director of the
Arkansas Department of Labor and Workforce
Education (ADOL/WE) and board member of the
Arkansas Board of Electrical Examiners (ABEE);
RONALD E. BAKER, ADOL/WE employee,  Administrator
to the ABEE, and committee member of the State Electrical
Apprenticeship Committee (SEAC); RONALD L. CLARK,
ADOL/WE  employee; JONATHAN BIBB, ADOL/WE
employee; CHARLES COVINGTON, ABEE staff member
and Chief Electrical Inspector for the State of Arkansas;
GARY FERREL, Chairman of the ABEE; DANNY KING, ABEE
board member; DAN MCALISTER, Chairman of the
SEAC; HARRY CHAPLE, SEAC committee member;
KENNETH LAMKIN, Arkansas State Director, of the
United State Department of Labor, Bureau of
Apprenticeship Training (USDL/BAT) and SEAC
committee member (in his official capacity only);
and LEE DANNER, USDL/BAT employee;
individually and in their official capacities                    DEFENDANTS


ORDER

The Court has considered Magistrate Judge Joe J. Volpe's Proposed

Findings and Recommendations, *Document No. 89,* on several pending

motions. No one has objected. Having reviewed the proposal for clear errors of fact on the face of the record, FED. R. CIV. P. 72(b) (advisory committee notes to 1983 addition), and for legal error, the Court adopts the proposal except on the service issue and adds a word on the due process claim.

     **1.** Taking the last issue first, like Magistrate Judge Volpe, the Court is somewhat skeptical about the viability of Plaintiffs' due process contentions. But this is a nuanced legal issue on which appointed counsel's argument and more facts would be helpful. Leaving the claim alive for further consideration is the most cautious and best approach at this point.

     **2.** Service on Defendant Kenneth Lamkin, a former federal employee, has been a vexed issue for some time. *E.g., Document Nos. 40, 54, & 58*. And later developments in the case outran Lamkin's early motion to dismiss. As ordered by the Magistrate Judge, *Document No. 58, at 4*, the U.S. Marshal served the United States Attorney and the Attorney General, *Document Nos. 63 & 69*, which was required. FED. R. CIV. P. 4(i)(1)–(3). But the last step—service on Lamkin personally too—was done by registered mail without restricted delivery, and one Beverlie Griffin signed for the letter. *Document No. 76*. This was probably good service for official-capacity claims,

-2-

but insufficient service for individual-capacity claims. *Compare* FED. R. CIV. P. 4(i)(2), *with* FED. R. CIV. P. 4(i)(3), FED. R. CIV. P. 4(e), and ARK. R. CIV. P. 4(d)(1) & (8)(A)(i).

Complicating the matter is Lamkin's later answer, which does not plead defective service. *Document No. 70*. So perhaps Lamkin waived any service defect. Further complicating the matter is the Plaintiffs' failure to object to Judge Volpe's recommended dismissal of Lamkin — perhaps Plaintiffs are now content to abandon all claims against the former federal employee.

Considering all the circumstances, the Court concludes that Lamkin should stay in the case for now, but only in his official capacity — which is really a claim against the United States. *Borntrager v. Stevas*, 772 F.2d 419, 421 (8th Cir. 1985). The parties and Magistrate Judge Volpe are free to revisit the Lamkin-service issue as the case proceeds.

**3.** Defendants' motions to dismiss, *Document No. 31 & 40*, are granted in part and denied in part. Plaintiffs' conspiracy claims and Federal Administrative Procedures Act claims are dismissed without prejudice. Their constitutional claims remain. Lamkin is still a Defendant, but only in his official capacity. The style is amended accordingly. The Arkansas Attorney

General's motion to be relieved as counsel for Lamkin, *Document No. 71*, is granted.  Plaintiffs' motion for appointment of counsel, *Document No. 28*, is granted.  The Court will make that appointment as soon as practicable.  Plaintiffs' motion for joinder, *Document No. 38*, is denied without prejudice.

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

18 March 2011

-4-